# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-988


**STEPHANIE BERGERON GUILLORY**

**VERSUS**

**PHILLIP LANDRY GUILLORY**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-C-1971-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**
**Genovese, J., concurs in the result and assigns written reasons.**


**David L. Carriere**
**Attorney at Law**
**322 S. Market St.**
**Opelousas, LA 70570**
**(337) 948-6217**
**Counsel for Defendant/Appellee:**
**Phillip Landry Guillory**


**Lynette Young Feucht**
**Judge, City Ct. of Eunice**
**P. O. Box 591**
**Eunice, LA 70535-0000**
**(337) 457-6535**
**Counsel for Plaintiff/Appellant:**
**Stephanie Bergeron Guillory**

**SAUNDERS, Judge.**

The appellant, Stephanie Bergeron Guillory ("Mrs. Guillory"), appeals the trial court's judgment granting exceptions of res judicata and no cause of action in favor of the appellee, Phillip Landry Guillory ("Mr. Guillory"). For the following reasons, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY:**

Mr. and Mrs. Guillory were divorced by a Judgment of Divorce rendered in January of 2005. In January of 2008, the 27th Judicial District Court found that Mrs. Guillory was free from fault and in need of spousal support. Finding also that Mr. Guillory had the ability to pay, the court granted Mrs. Guillory an award of seven hundred dollars ($700.00) per month as final spousal support to be paid for a period of three years.

In May of 2008, Mrs. Guillory filed a rule to show cause why final support should not be continued. She based the rule on her worsening health condition and her increased medical expenses. At this time, Mrs. Guillory was employed as a librarian at a St. Landry Parish public library and was earning one thousand three hundred sixty-four dollars ($1,364.00) per month. In opposition, Mr. Guillory filed exceptions of res judicata and no cause of action. The trial court dismissed the exceptions and granted Mrs. Guillory an additional six months of spousal support.

In December of 2008, Mrs. Guillory again filed a motion to continue spousal support, alleging a change in circumstances. She asserted that her medical expenses had increased and that she had also suffered a broken hip which was preventing her from being able to work. Mr. Guillory again responded with exceptions of res judicata and no cause of action. The trial court granted the exceptions and dismissed Mrs. Guillory's rule. It is from this judgment that Mrs. Guillory now appeals,

asserting the following assignment of error:

**ASSIGNMENT OF ERROR:**

The trial court erred in granting appellee's exception of res judicata and no cause of action and in denying appellant the opportunity to present facts contained in her original and amended petitions which support her need for continued final spousal support. Furthermore, it erred in reversing its position on the law expressed one year earlier without giving reasons for the contradictory ruling.

**LAW AND DISCUSSION:**

The issue presented before this court is whether an award of final spousal support set to a fixed duration may be subsequently modified upon a showing of a change of circumstances. For the following reasons, we find that it can.

NO CAUSE OF ACTION

A final periodic support award may be modified, waived or extinguished by a district court upon a showing of a change of circumstance of either party. La. C.C. art. 114 and art. 116. ***An award of alimony is never final***. *White v. White*, 393 So.2d 240, 241 (La.App. 1 Cir. 1980). The party seeking the modification or termination of support carries the burden of proof that circumstances have changed since the original award. *Rains v. Rains*, 376 So.2d 1298 (La.App. 2 Cir. 1979).

*Gilbreath v. Gilbreath*, 32,292, p. 2 (La.App. 2 Cir. 9/22/99), 743 So.2d 300, 302-303 (emphasis added).

Mr. Guillory argues that because the trial court awarded Mrs. Guillory final support fixed to a three year term, absent an appeal of the original judgment, she is precluded by law from seeking to modify the award. We find no merit in this argument. The Louisiana Civil Code makes it clear that such awards may be modified.

Louisiana Civil Code Article 112 sets out the rules for determining final periodic support. It reads in pertinent part:

A. When a spouse has not been at fault an is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.

B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:

. . . .

(6) The health and age of the parties.

Louisiana Civil Code Article 114 addresses the modification and termination of an award of periodic support. "An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. The subsequent remarriage of the obligor spouse shall not constitute a change of circumstances." *Id*.

A reading of the above articles shows that an award of spousal support under La.Civ.Code art. 112 may be modified by way of La.Civ.Code art. 114 if there is a showing that circumstances have materially changed. Typically, awards of final periodic support under La.Civ.Code art. 112 are not restricted by a term. However, comment (c) to the article notes that such awards are contemplated under Article 112.

(c) The sixth factor listed in this Article, coupled with the word "duration" in the first sentence of the Article, permits the court to award rehabilitative support and other forms of support that terminate after a set period of time . . . . The appropriateness of a rehabilitative award depends upon the capacity of the recipient spouse to become self-supporting, in light of the relevant factors listed in this Article . . . . Other factors may also form the basis of a fixed-duration award, but it is contemplated that such awards will ordinarily be based upon the assumption that certain facts will occur within the term fixed in the judgment awarding support.

The award to Mrs. Guillory of seven hundred dollars ($700.00) per month for a term of three years, with six additional months added on, falls within the scope of Article 112 as an "other form of support that terminates after a set period of time."

The question remains whether such awards are susceptible to modification under Article 114. Comment (b) to Article 114 is directly on point:

> The recipient of a rehabilitative or other fixed-duration periodic award may also seek to have it modified or extended under this Article. See comment (c) to Article 112, supra. The court should make the determination whether periodic support will be modified or terminated based on the changed circumstances of either party.

Comment (c) to Article 112 and comment (b) to Article 114 provide that the trial court's award to Mrs. Guillory falls within the ambit of Articles 112 and 114. Thus, the spousal support may be modified if it can be shown that there has been a change in circumstances. For these reasons, we find that the trial court erred in granting the exception of no cause of action. We therefore reverse the trial court's grant of the exception of no cause of action.

RES JUDICATA

Mr. Guillory argues that the doctrine of res judicata applies and precludes any modification or extension of the spousal support award as a result of the initial judgment handed out by the trial court in January of 2008. We disagree.

Res Judicata is addressed in La.R.S. 13:4231, which provides in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conslusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

We also consider La.R.S. 13:4232(B), which more specifically addresses the issue before this court. The statute addresses res judicata as it applies to actions for divorce and those matters incidental to divorce, including spousal support. It reads

-4-

as follows:

> In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Coder Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated. [1]

The statute serves to limit that application of the doctrine of res judicata in divorce proceedings and certain matters incidental to divorce, including actions for spousal support. A subsequent action for modification of spousal support in itself is not precluded.

As it applies to the matter before us, La.R.S. 13:4232(B) would serve to preclude Mrs. Guillory from seeking to modify the spousal support judgment on the grounds urged in May of 2008. However, because of the alleged change in factual circumstances, the cause of action now asserted by Mrs. Guillory has not previously been adjudicated. The unfortunate events alleged to have befallen Mrs. Guillory may have the effect of a change in circumstances that may make modification of the award appropriate.

Mr. Guillory argues that the spousal support judgment issued by the trial court in January of 2008 can only be modified by an appeal of that judgment, or alternatively an annulment. We disagree. This argument is counterintuitive to the principle set forth in Article 114 that an award of spousal support may be modified or terminated in the event that the circumstances of either party materially change. If the award could only be contested or modified on appeal, the existence of Article 114 would be unnecessary.

---

[1]Louisiana Civil Code Article 105 addresses determinations of incidental matters to a divorce. This includes spousal support.

After considering the facts and circumstances presented in this case, we find that they fall outside the scope of the doctrine of res judicata. While the parties are the same, we find that the issues presented herein, particularly Mrs. Guillory's allegation of a broken hip and loss of employment, have not previously been litigated. Accordingly, we find that the exception of res judicata was improperly granted by the trial court. For these reasons we reverse the trial court's grant of the exception of res judicata.

**CONCLUSION:**

For the foregoing reasons, we reverse the ruling of the trial court granting the exceptions of no cause of action and res judicata. We remand this matter to the trial court so that Mrs. Guillory may seek relief based on her change in circumstances, including her alleged injuries and loss of employment. The costs of this appeal are assessed to Mr. Guillory.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-988

STEPHANIE BERGERON GUILLORY

VERSUS

PHILLIP LANDRY GUILLORY

**GENOVESE, J., concurs and assigns the following reasons:**

Subject to La.Civ.Code art. 115, I agree with the majority that Mrs. Guillory has a cause of action for the modification of final periodic support insofar as the issue of support "lives on." La.Civ.Code art. 114. However, I disagree with the majority as to the effect of res judicata as set forth in La.R.S. 13:4232(B).

In my view, the August 13, 2008 judgment was res judicata in accordance with La.R.S. 13:4232(B). That judgment was never appealed and is, therefore, a final and definitive judgment as to the cause of action (final periodic support) which involved the same parties and actually determined, litigated, and adjudicated that specific issue at that point in time.

However, because the issue of spousal support is never final, notwithstanding an extinguishment of the obligation pursuant to La.Civ.Code art. 115, Mrs. Guillory may bring a new or separate rule for support alleging a change in factual circumstances. Therefore, I must concur only in the result of this matter.