# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 10-397

**MICHAEL HINDELANG, III**

**VERSUS**

**REGINA LOUVIERE HINDELANG**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008114
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED AS AMENDED.**

**Christine M. Mire**
**202 Main St.**
**Lafayette, LA  70501**
**Counsel for Defendant-Appellant:**
        **Regina Louviere Hindelang**

**Ronald D. Cox**
**Charles G. Fitzgerald**
**113 W. Convent St.**
**Lafayette, LA 70501**
**Counsel for Plaintiff-Appellee:**
        **Michael Hindelang, III**

**PAINTER, Judge.**

Regina Louviere Hindelang, Appellant herein, appeals the judgment of the trial court setting a final award of support. For the following reasons, we amend the judgment of the trial court and affirm it as amended.

## FACTS

Regina Louviere and Michael Hindelang, III were married in 1997. Michael filed a petition for divorce in February 2008, and a final judgment of divorce was rendered in October 2008. The controversy currently before this court concerns an award of final support made to Regina. Regina asserts that the evidence shows that increased support is in order because she is in poor health and unable to work. The trial court ordered Michael to pay support to Regina in the amount of $3,500.00 per month for twelve months, retroactive to the date of judicial demand, and to pay the mortgage note indebtedness in the amount of $3,060.00 per month for twelve months retroactive to the date of judicial demand. Regina appeals.

## DISCUSSION

*Final Periodic Support*

> A trial court's determination regarding final periodic support is subject to the abuse of discretion standard of review. *January v. January*, 03-1578 (La.App. 3 Cir. 4/7/04), 876 So.2d 98. Louisiana Civil Code Article 112 states:
>
> > A. When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
> >
> > B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
> >
> > (1) The income and means of the parties, including the liquidity of such means.

1

(2) The financial obligations of the parties.

(3) The earning capacity of the parties.

(4) The effect of custody of children upon a party's earning capacity.

(5) The time necessary for the claimant to acquire appropriate education, training, or employment.

(6) The health and age of the parties.

(7) The duration of the marriage.

(8) The tax consequences to either or both parties.

C. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

*Bhati v. Bhati*, 09-1030, p. 7 (La.App. 3 Cir. 3/10/10), 32 So.3d 1107, 1112.

An award of permanent spousal support is not meant to allow the receiving party to continue the lifestyle they had during the marriage. Rather, it is awarded in the amount required for maintenance. "Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household necessities and income tax liability generated by alimony payments." *Earle v. Earle*, 43,925, p. 9 (La.App. 2 Cir. 12/3/08), 998 So.2d 828, 835, *writ denied*, 09-117 (La. 2/13/09), 999 So.2d 1151.

*Deposition of Regina's Treating Physician*

Regina first asserts that the trial court erred in refusing to allow into evidence the deposition of her treating physician, William Dupon, after he was found to be unavailable for trial. Alternatively, she argues that the trial court should have allowed a continuance on that grounds. She further asserts that the trial court erred in failing to consider his deposition testimony. However, the record contains the deposition of Dr. Dupon, which was introduced into evidence as "Regina-2." Defendants have not

2

appealed its introduction into evidence. Additionally, the trial court referred to the deposition in giving oral reasons for judgment. Therefore, we find this assignment of error to be without basis.

*Regina's Ability to Work*

Regina next asserts that the trial court erred in refusing to accept the testimony that she was incapable of working due to her medical condition. Regina is correct in asserting that this testimony was uncontradicted.

"In evaluating evidence, the trier of fact should accept as true the uncontradicted testimony of a plaintiff witness absent a sound reason for its rejection." *Johnson v. Ins. Co. of No. America*, 454 So.2d 1113, 1117 (La.1984)

With regard to the deposition of Regina's treating physician, Dr. Dupon, the trial court stated that it did not believe Dr. Dupon's testimony. However, it not give any reason for this disbelief. Therefore, we find that the testimony of Dr. Dupon should have been accepted by the trial court. While Michael argues that the fact that Regina was able to travel casts doubt on her ability to work, we find nothing of record to support the conclusion that this travel was accomplished without the kind of pain which prevents Regina from working or that the type and duration of the activities in which she participated while traveling equate with the effort and duration required for employment. Therefore, we find that Regina was unable to work at the time of trial and that the trial court erred in failing to take this into consideration in determining Regina's earning capacity.

*Amount and Duration of Final Support*

Regina asserts two assignments of error concerning the appropriate amount of final support. She first asserts that the trial court erred in excluding from evidence

3

documentation which substantiated Michael's gross monthly income. However, Michael stipulated that he could afford to pay any amount Regina would need for maintenance. Therefore, we find that the error in excluding the documentary evidence of his income, if any, is harmless.

Regina next argues that the trial court erred in setting the amount and duration of final support.[1] Regina argues that the monthly expenses she submitted to the court are reasonable when compared to Michael's lifestyle. However, as we have stated, an award of final support is meant only for maintenance, not to provide the lifestyle the party might have enjoyed during the marriage. After reviewing the record, we note that the amounts submitted by Regina go far beyond that necessary for maintenance. Regina further asserts, for the first time on appeal, the argument that she relied to her detriment on Michael's contractual commitment to support her in exchange for ceasing her pursuit of a doctoral degree in psychology. Since this was not raised in the trial court,[2] we may not consider it for the first time on appeal. We find the amount awarded by the trial court to be sufficient for Regina's maintenance.

Next, Regina argues that the trial court erred in limiting support to a period of one year from date of demand. We agree. As stated above, the trial court erred in failing to accept the uncontradicted testimony of Dr. Dupon that Regina was unable to work, the award of support should have been made for an indefinite period. There was no testimony with regard to a projected date on which Regina might be capable of returning to work. Should Regina be able to return to work at a future date, Michael may move the court to reduce or terminate support at that time.

---

[1] No argument has been made with regard to the mortgage note payment.

[2] We further note that the evidence of record does not support Regina's position in this regard.

4

*Retroactivity of the Award of Final Support*

Finally, Regina argues that the trial court erred in making the award of final support retroactive to the date of demand. We agree.

Louisiana Revised Statutes 9:321(B)(1) provides that: "A judgment that initially awards or denies final spousal support is effective as of the date the judgment is rendered and terminates an interim spousal support allowance as of that date." While Michael argues that there was no interim spousal support order, our examination of the record reveals otherwise. On May 22, 2008, the trial court signed a temporary order converting the recommendations of the hearing officer into an order of the court. Among the recommendations of the hearing officer was that Michael be ordered to pay interim spousal support in the amount of $18,595.00, retroactive to the date of judicial demand. The judgment was temporary pending a hearing on the existing motion for interim support. We find nothing of record which indicates that such a hearing was held. Further, we cannot find, and Michael does not point to, any judgment or order of the court terminating or modifying this order. Accordingly, the final support should have been ordered from the date of judgment on the motion for final periodic spousal support.

## CONCLUSION

The judgment is amended to make the award of final periodic spousal support indefinite in term and to order that the award take effect on the date of the trial court's judgment. In all other respects the judgment of the trial court is affirmed.

**AFFIRMED AS AMENDED.**

5