ROSEMARY LEDET, Judge.
| ,This is a post-divorce matter. This is the third appeal in this case. Vincent v. Vincent, 05-1175 (La.App. 4 Cir. 1/10/07), 949 So.2d 535 (“Vincent /”); Vincent v. Vincent, 10-0539 (La.App. 4 Cir. 10/13/10) (unpub.) (“Vincent II ”). Defendant, Janet P. Vincent (“Ms. Vincent”), appeals the trial court’s judgment granting Scott G. Vincent’s (“Mr. Vincent”) motion for entry of final judgment, sustaining his exception of no cause of action and dismissing with prejudice Ms. Vincent’s amended motion to extend final spousal support for life. For reasons set forth below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The parties were divorced December 21, 2004. The trial court noted in its April 2005 reasons for judgment that at the time of the divorce “Ms. Vincent had a debilitating illness, and a serious head-on automobile collision which compounded her health problems.” The trial court awarded Ms. Vincent final spousal support in the amount of $7,275.20 per month for a period of five years from the date of divorce. In *1156 its reasons for judgment, the trial court noted that “[a] great part of the | ¡.award for final support consists of Mrs. Vincent’s monthly medical bills. If Mrs. Vincent is eligible for Medicare, and the benefit can be applied to her medical treatments, then this Court will be willing to entertain a subsequent motion to modify the award for final support at that time.”
Mr. Vincent filed a timely appeal of the trial court’s judgment of spousal support. In Vincent 1, this Court reduced the monthly spousal support award to $3,000, but maintained the five-year time period. The five-year obligation to pay final spousal support expired in December 2009.
On April 14, 2009, Ms. Vincent filed a motion to extend final spousal support for the duration of her life. Ms. Vincent asserted in her motion that her disability resulting from brain surgery, which she underwent several years before the divorce, continued to prevent her from working; therefore, she asserted that the support award should continue in effect for the remainder of her life. In response, Mr. Vincent, on May 6, 2009, filed exceptions of lack of subject matter jurisdiction, no cause of action, res judicata, prematurity, and prescription.
On December 10, 2009, the trial court rendered judgment denying Ms. Vincent’s motion to extend spousal support; granting Mr. Vincent’s exceptions of no cause of action and prematurity; and denying Mr. Vincent’s exceptions of res judicata, lack of subject matter jurisdiction and prescription. On Ms. Vincent’s appeal this Court in Vincent II found that the trial court properly granted the exception of no cause of action. However, because Ms. Vincent asserted that she was able to provide factual support for her allegation that her circumstances have |smaterially changed, this Court remanded the matter to the trial court to allow her to amend her motion pursuant to La. C.C.P. art. 934.
On November 19, 2010, Ms. Vincent filed an amended motion to extend final spousal support. The amended motion added the following seven allegations: 1) since the time the trial court initially awarded final spousal support, Ms. Vincent’s medical condition had worsened; 2) she is now unable to care for herself on a day-to-day basis; 3) she is unable to prepare meals for herself; 4) she is unable to drive; 5) she requires daily care in her home; 6) she is unable to live by herself; and 7) she incurs short term memory loss.
In response, on January 21, 2011, Mr. Vincent filed exceptions of lack of subject matter jurisdiction, no cause of action, res judicata, vagueness and prescription. The vagueness exception was based on the assertion that Ms. Vincent failed to specify the parties’ current financial condition. The no cause of action exception was based on the assertion that Ms. Vincent failed to allege a material change in circumstances.
On March 30, 2011, the trial court rendered judgment denying Mr. Vincent’s exceptions of res judicata, lack of subject matter jurisdiction, and prescription, but granting his exception of vagueness. In its reasons for judgment, the trial court explained that although Ms. Vincent alleges a worsening of her condition she has failed to allege with particularity how her condition had deteriorated and how the progression of her condition has affected her financially in accordance with La. R.S. 9:311. The court cited Guillory v. Guillory, 09-988 (La.App. 3 Cir. 2/3/10), |429 So.3d 1288, in which “an award of final support was extended based upon a finding of plaintiffs worsening health condition and her increased medical expenses.” The trial court ordered Ms. Vincent to cure her defective pleading within thirty days of the signing of judgment. The trial court de *1157 ferred ruling on the Mr. Vincent’s exception of no cause of action.
Ms. Vincent did not amend her motion as ordered by the trial court. Ms. Vincent asserts that she believed that an amendment was unnecessary and would trigger Mr. Vincent to file a third set of exceptions. Instead, on May 2, 2011, Ms. Vincent filed a motion to file writ from the trial court’s ruling granting the exception of vagueness. On May 6, 2011, Mr. Vincent filed a motion for entry of final judgment to dismiss Ms. Vincent’s amended motion to extend final spousal support for life. He sought the entry of judgment based on Ms. Vincent’s failure to comply with the trial court’s March 30, 2011 judgment, which required she file a supplemental amended motion to extend final support for life. The trial court initially set Mr. Vincent’s motion for hearing on August 4, 2011.
Ms. Vincent subsequently filed in the trial court a motion to stay proceedings due to her alleged pending writ seeking review of the trial court’s March 30, 2011 judgment. On August 2, 2011, the trial court granted Ms. Vincent’s ex parte motion for stay “until the Court of Appeals makes a ruling on the Writ Application filed by Janet Vincent on May 2, 2011.”
On August 3, 2011, Mr. Vincent filed an objection to granting the motion to stay and request for reconsideration. Mr. Vincent’s motion noted that Ms. Vincent, | scontrary to her representation, had not filed an application for supervisory writ with this court. The trial court vacated its stay and set an expedited hearing on Mr. Vincent’s motion for entry of final judgment for August 17, 2011.
On August 12, 2011, Ms. Vincent filed her application for supervisory writ seeking review of the trial court’s March 30, 2011 judgment. This Court issued an order requiring Ms. Vincent show cause why her writ should not be dismissed as untimely. Instead, on August 18, 2011 (after the trial court’s ruling at issue on appeal) she filed a request to withdraw her writ application. By order dated August 24, 2011, this Court granted that request.
The motion for entry for final judgment was heard by the trial court on August 17, 2011. However, neither Ms. Vincent nor her counsel appeared. Mr. Vincent’s counsel filed into the record a certificate of service of his motion. His counsel explained in open court that his motion was sent via facsimile transmission and certified mail to Ms. Vincent through her attorney of record. After making an apparent determination that Ms. Vincent was properly served, the trial court moved forward with the hearing and granted Mr. Vincent’s motion for entry of final judgment. The trial court also sustained Mr. Vincent’s exception of no cause of action, rejecting and dismissing the amended motion to extend final spousal support for life filed by Ms. Vincent. Mr. Vincent was also awarded $241.00 in costs and $1000.00 in attorney’s fees.
This appeal followed. Although Ms. Vincent argues on appeal that the trial court erred in sustaining Mr. Vincent’s exception of vagueness, this Court granted [fiMr. Vincent’s motion to limit the scope of this appeal to the review of the trial court’s August 17, 2011 judgment. Therefore, the trial court’s March 30, 2011 ruling sustaining Mr. Vincent’s exception of vagueness is not before us. As to the trial court’s August 17, 2011 judgment, Ms. Vincent raises two issues: 1) whether Ms. Vincent was not timely served; and 2) whether the trial court erred in granting Mr. Vincent’s exception of no cause of action. Answering the appeal, Mr. Vincent asserts that the trial court erred in denying his exception of res judicata; and he also requests *1158 frivolous appeal damages, including attorney’s fees.

STANDARD OF REVIEW

The principal issue on appeal is whether the trial court erred in granting the motion for entry of final judgment and sustaining the exception of no cause of action, thereby dismissing the amended motion to extend final spousal support for life with prejudice. In addressing this issue, the following three-tiered standard of review applies:
First, we must determine whether the trial judge correctly applied the proper legal standard or standards. We do not defer to the discretion or judgment of the trial judge on issues of law. Second, we must examine the trial judge’s findings of fact. We will not overturn the trial judge’s factual determinations unless, in light of the record taken as a whole, they are manifestly erroneous (or clearly wrong). Third, we must examine the propriety of the alimony award. If it is within legal limits and based on facts supported by the record, we will not alter the amount of the award in the absence of an abuse of the trial judge’s great discretion to set such awards.
Williams v. Poore, 10-1087, p. 8 (La.App. 4 Cir. 1/12/11), 55 So.3d 953, 958 (citing Baggett v. Baggett, 96-453, p. 4 (La.App. 3 Cir. 4/23/97), 693 So.2d 264, 266-67 (quoting Davy v. Davy, 469 So.2d 481, 482 (La.App. 3 Cir.1985)).
17A trial court’s decision granting an exception of no cause of action is reviewed de novo “because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition.” Southern Tool & Supply, Inc. v. Beerman Precision, Inc., 03-0960, p. 6 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, 277 (quoting City of New Orleans v. Board of Comm’rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253). No evidence can be introduced to support or to controvert an exception of no cause of action. Id.; La. C.C.P. art. 931. We are confined to the factual allegations in the petition, which we must accept as true, to determine whether the plaintiff is legally entitled to the relief sought. Id. (citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
A defendant’s peremptory exception of no cause of action is designed to test the legal sufficiency of the plaintiffs petition. Id. Louisiana has a system of fact pleading, and “[t]he mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action.” Id. (quoting Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131). It is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions. Bibbins v. City of New Orleans, 2002-1510, p. 5 (La.App. 4th Cir. 5/21/03), 848 So.2d 686, 691.

DISCUSSION

Res Judicata

|8As a preliminary matter, we will address Mr. Vincent’s answer to the instant appeal in which he asserts that the trial court erred in failing to sustain his exception of res judicata. Mr. Vincent notes that Ms. Vincent cites to the Guillory, supra, case for two legal propositions: 1) an award of final spousal support set for a fixed term may be extended; and 2) an initial award of support for a fixed term is not res judicata and thus does not bar the receiving spouse form seeking a modification of the support award.
In Guillory, Ms. Guillory filed a rule to show cause why her final spousal support award should not be continued based on *1159 her worsening health condition and increased medical expenses. Guillory, 09-988 at p. 1, 29 So.3d at 1289. In opposition, Mr. Guillory filed exceptions of res judicata and no cause of action. Id. The trial court dismissed the exceptions and granted Ms. Guillory an additional six months of spousal support. Guillory, 09-988 at p. 1, 29 So.3d at 1289-90. Alleging a change in circumstances, Ms. Guillory again filed a motion to continue spousal support. Guillory, 09-988 at p. 1, 29 So.3d at 1290. She asserted that her medical expenses had increased and she suffered from a broken hip, which prevented her from working. Id. Mr. Guillory again responded with exceptions of res judicata and no cause of action. Id. The trial court granted the exceptions. Id. On appeal, as it relates to the exception of res judicata, the Third Circuit held that Ms. Guillory’s alleged change in circumstances were not previously litigated and that the exception was improperly granted by the trial court. Guillory, 09-988 at p. 6, 29 So.3d at 1292.
l<)Mr. Vincent distinguishes Guillory from the instant case. He asserts that in Guillory the court held that an award of rehabilitative alimony may be extended when the receiving spouse fails to sustain self-sufficiency within the time period allotted for support in the judgment. He contends that in the present case the award of spousal support was not rehabilitative in nature.
An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary pursuant to La. C.C. 114. The court in Guillory cites to comment (b) to Article 114, which states:
The recipient of a rehabilitative or other fixed-duration periodic award may also seek to have it modified or extended under this Article.... The court should make the determination whether periodic support will be modified or terminated based on the changed circumstances of either party.
Guillory, 09-988 at p. 4, 29 So.3d at 1291 (Emphasis added). Both rehabilitative and other fixed-duration periodic awards may be subject to modification or extension upon a showing of a change in circumstances of either party. Therefore, the determination of whether the spousal support in the instant case is rehabilitative alimony is not dispositive of whether it can be modified or extended.
Mr. Vincent also argues that the Guillo-ry case does not benefit Ms. Vincent in the instant case because the issue of duration of the support award was not litigated in Guillory; whereas the duration of the support award in this case was contested by the parties and litigated in both the trial court and this court. The 110doctrine of res judicata is codified in La. R.S. 13:4231, which provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
[[Image here]]
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Id. (citing La. R.S. 13:4231)
An exception to the doctrine of res judicata in divorce actions is provided in La. R.S. 13:4232, which states that in a divorce action, “the judgment has the effect of res judicata only as to causes of action actually adjudicated.” Under this exception, only matters “actually litigated *1160 and finally adjudged may not be contradicted later.” Ebey v. Harvill, 26,373, p. 2 (La.App. 2 Cir. 12/7/94), 647 So.2d 461, 463 (quoting Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978)).
In Guillory, the court specifically stated that a subsequent action for modification of spousal support in itself is not precluded under the doctrine of res judicata. Guil-lory, 09-988 at p. 5, 29 So.3d at 1292. As it applies to the facts in Guillory, La. R.S. 13:4232(B) would preclude Ms. Guillory from seeking to modify the spousal support judgment if the same grounds are urged in the first motion to continue spousal support, which was adjudicated in the trial court. Id. The court in Guillory stated, “because of the alleged change in factual | j i circumstances [asserted in the second motion to continue], the cause of action now asserted by Ms. Guillory has not previously been adjudicated.” Id.
Similar to Guillory, in the instant case, Ms. Vincent’s claims fall outside the scope of res judicata because of the alleged change in circumstances asserted in her amended motion to extend spousal support. This Court stated in Vincent II that in Ms. Vincent’s motion to extend the support award, she “asserts that her medical condition ‘has not improved’ and that she ‘remains unable to work.’ She does not allege a change in circumstances; she simply states that her condition remains the same.... ” However, in Ms. Vincent’s amended motion to extend spousal support she asserts seven medical conditions or limitations that she argues are a change in circumstances, some of which were not previously litigated. Accordingly, we find that the exception of res judicata was properly denied by the trial court.

Attorney’s Fees

In Mr. Vincent’s answer he also asserts that the instant appeal is frivolous and seeks frivolous appeal damages, including an award for attorney’s fees. As this court stated in Johnson v. Johnson, 08-0060, pp. 5-6 (La.App. 4 Cir. 5/28/08), 986 so.2d 797, 801:
Appellate courts “shall render any judgment which is just, legal, and proper upon the record on appeal” and “may award damages for frivolous appeal....” La. C.C.P. art. 2164. The statute permitting frivolous appeal damages must be strictly construed in favor of the appellant, as it is penal in nature. Levy v. Levy, 02-0279, pp. 17-18 (La.App. 4 Cir. 10/2/02), 829 So.2d 640, 650. Frivolous appeal damages will be awarded if the appellant is trying to “delay the action” or “if the appealing counsel does not seriously believe the law he or she advocates.” Hester v. Hester, 97-2009, p. 5 (La.App. 4 Cir. 6/3/98), 715 So.2d 43, 46. An appeal may also be deemed frivolous if it does not present a “substantial legal question.” Tillmon v. Thrasher |12 Waterproofing, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. “Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted” due in part to the possible chilling effect bn the appellate process. Tillmon, 00-0395, p. 8, 786 So.2d at 137.
After a review of the record, we cannot conclude that the appeal was taken solely for delay or that Ms. Vincent did not seriously believe she was entitled to relief. Therefore, we decline to award damages for frivolous appeal.

Timely Service

Ms. Vincent’s first issue presented on appeal is that Mr. Vincent was wrongfully granted a final judgment for two reasons: 1) the stay order was improperly lifted and 2) she was not timely served.
*1161 Ms. Vincent cites to Louisiana District Court Rule 9.8(b), which states in pertinent part that no hearing on an exception or motion will be scheduled until at least fifteen calendar days after filing. Ms. Vincent argues that since Mr. Vincent’s motion for entry of final judgment was filed on August 3, 2011 and heard on August 17, 2011, the District Court Rule 9.8(b) was violated. Ms. Vincent further notes that District Court Rule 9.9(a) states that when a party files a motion, the supporting memorandum shall be served on all other parties so that it is received at least fifteen calendar days before the hearing, unless the court sets a shorter time. Ms. Vincent asserts that she was not served until two days before the hearing.
Local rules of court are intended solely to aid in the orderly and efficient conduct of litigation and are not to be construed so literally as to defeat their intended purpose. At Your Service Enterprises, Inc. v. Swope, 07-1620, p. 5 (La.App. 4 Cir. 1/14/09), 4 So.3d 138, 141. Further, the trial court has great discretion |isin the construction, interpretation, application and enforcement of its own rules. Id.[1]
Ms. Vincent’s argument regarding lack of proper service hinges on whether she was granted a fair opportunity to present her case before a judgment was rendered against her in her absence.
Adequate notice is one of the most elementary requirements of procedural due process. Edwards v. Edwards, 614 So.2d 725, 727 (La.App. 5th Cir.1993). Adequate notice given must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. Nelson v. Nelson, 42,697, p. 4 (La.App. 2 Cir. 12/05/07), 973 So.2d 148, 151 (citing Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).
Mr. Vincent’s motion for entry of final judgment was initially filed May 6, 2011, and set for hearing on August 4, 2011. The matter was not stayed until August 2, 2011. Additionally, the request for reconsideration of granting motion to stay and motion to continue was filed August 3, 2011. On the same day, the trial court vacated the stay and continued the motion for entry of final judgment to August 17, 2011.
Mr. Vincent’s counsel explained in open court at the hearing on August 17, 2011, and submitted in a certificate of service filed in the record the manner in 114which Ms. Vincent was notified of the hearing. Mr. Vincent’s objection to granting motion to stay, reply memorandum in response to motion to stay, request for reconsideration of granting motion to stay and motion to continue was successfully sent to Ms. Vincent’s attorney of record on August 5, 2011, by facsimile transmission. The motion was also sent by certified mail on August 5, 2011. There was an attempted delivery on August 8, 2011; however, it was not actually delivered until August 15, 2011. Ms. Vincent’s counsel sent a letter to Mr. Vincent’s counsel on August 16, 2011, indicating that since service was not timely, she would not be appearing in court.
*1162 Although proper service was not effectuated pursuant to La. C.C.P. art. 1313 until August 15, 2011, Ms. Vincent had adequate notice of the August 17, 2011 hearing. Ms. Vincent was notified of the continued date for the hearing on August 5, 2011 by facsimile transmission; attached to Mr. Vincent’s certified of service was the fax confirmation sheet. Further, Ms. Vincent’s attorney’s knowledge of the hearing is noted by her on the intake form submitted to this court with her writ application filed August 12, 2011. In response to the inquiry regarding the present status of the case, Ms. Vincent’s attorney states that there is a hearing set August 17, 2011.
Given the circumstances of this case, we find that adequate notice was given reasonably calculated to apprise Ms. Vincent of the hearing of the motion and to afford her an opportunity to present her objections before a judgment was rendered against her. After ensuring that adequate notice and service of the motion had been |15made on Ms. Vincent’s attorney, the trial judge did not err in moving forward with the hearing, ultimately granting the motion of entry of final judgment and exception of no cause of action thereby dismissing Ms. Vincent’s amended motion to extend final spousal support for life.

Exception of No Cause of Action

Ms. Vincent’s second issue presented on appeal is whether the trial court erred in granting Mr. Vincent’s motion for entry of final judgment and sustaining his exception of no cause of action, which dismissed her amended motion to extend final spousal support for life with prejudice.
As explained earlier in this opinion, an award of periodic support may be modified by a district court if the circumstances of either party materially change and shall be terminated if it has become unnecessary. La. C.C. art. 114. An award of alimony is never final. Guil-lory, 09-988 at p. 2, 29 So.3d 1288 at 1290. The party seeking the modification of support carries the burden of proof that a modification is warranted. Id. The applicable burden of proof is governed by La. R.S. 9:311(A)(1), which provides that “[a]n award for support shall not be modified unless the party seeking the .modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award.” Hebert v. Hebert, 06-1315, p. 3 (La.App. 3 Cir. 2/7/07), 948 So.2d 1239, 1241 (quoting La. R.S. 9:311(A)(1)). The moving party must show either a change in the obligee’s needs or the obligor’s ability to pay. Poore, 10-1087 at p. 10, 55 So.3d at 959.
hJn this case, Ms. Vincent argues that she has shown a material change in circumstances by listing specific medical conditions and limitations in her November 19, 2010 amended motion. However, establishing a change in circumstances does not automatically mandate a modification or termination of support. Id. (citing Mizell v. Mizell, 40,601, p. 3 (La.App. 2 Cir. 1/25/06), 920 So.2d 927, 929). Such a factual finding does, simply shifts the burden to the party opposing the modification. Id.
In response to Ms. Vincent’s amended motion, Mr. Vincent argued to the trial court that the medical conditions and limitations complained of existed at the time of the trial when the initial award of spousal support was issued. Mr. Vincent notes that the record is insufficient to establish Ms. Vincent’s exact medical condition at the time of trial because there was no expert medical testimony or report to establish Ms. Vincent’s condition. Mr. Vincent asserts that Ms. Vincent relied on documentation from the Social Security Administration, her own testimony, and *1163 testimony of her family members as to the status of her medical condition.
Ms. Vincent’s initial motion to extend spousal support states that her medical condition has not improved and she remains unable to work in order to support herself. Ms. Vincent also notes that although there was testimony that she was disabled at the initial trial, she still had the ability to work. Specifically, she notes that at the time of that trial she was working in Mr. Vincent’s office. However, Mr. Vincent asserts that Ms. Vincent had not worked in over ten years 117before the trial, with the exception of part-time work in his office, which the court considered to be sheltered employment.
Regarding Ms. Vincent’s assertion that she is now unable to work, this Court in Williams v. Williams, 97-2245, (La. App. 4 Cir. 4/11/01), 803 So.2d 50, 54, stated that “a person’s own self-serving testimony regarding his or her ability to work is insufficient proof of the inability.” In order to prove the disability by a preponderance of the evidence, the spouse claiming such an inability to work must present corroborating evidence, such as a doctor’s report or a doctor’s expert testimony. Id. This Court further noted that “[ejxcept perhaps in a case where the spouse’s obvious mental or physical disability renders that spouse impaired, a trial court abuses its discretion in finding that a spouse is unable to work on the basis of that spouse’s own self-serving testimony alone.” Id. In this case, there were no medical expert reports or testimony offered as to Ms. Vincent’s inability to work at either the initial trial at which the initial spousal support was awarded or in support of her amended motion to extend spousal support for life.
In Ms. Vincent’s amended motion she asserts that she now is unable to care for herself on a day-to-day basis, live by herself or care for her home. Ms. Vincent admits that allegations of her inability to care for her home or live alone were not addressed at the initial trial. However, Mr. Vincent also points out that there was evidence presented at the initial trial that Ms. Vincent was permanently and totally disabled and cites to testimony that Ms. Vincent was assisted by family and friends with errands to support her household and office.
|1sMs. Vincent also asserts that she is now unable to prepare meals; whereas at the time of the initial trial she was able to cook for herself. However, Mr. Vincent argues that at trial there was testimony that they ate out five to six times a week and when Ms. Vincent did prepare meals it was in a limited manner with the assistance of others.
Ms. Vincent also asserts in her amended motion that she is unable to drive and experiences short term memory loss. Both parties agree that both issues existed at the time of the initial trial, although Ms. Vincent asserts that her memory loss is more frequent and severe. However, she offers no medical evidence in support of this claim.
As noted, the trial court determined that Ms. Vincent failed to allege with particularity how her condition had deteriorated between the time of trial and the filing of her motion and how the progression of her condition had affected her financially. Due to the lack of evidence presented that there was a material change in her medical condition, the trial court ordered her to amend her pleadings to show that there is a material change in financial circumstances. Ms. Vincent never amended her pleadings, rather she argued that she was not required to show a financial change in circumstances.
*1164 There is no bright line rule showing what constitutes a change in circumstances to warrant modification. Guinther v. Baird, 33,550, p. 5 (La.App. 2 Cir. 10/6/00), 768 So.2d 847, 850. A trial court’s determination of whether a change in circumstances has been demonstrated is entitled to great deference on |19review. Hebert v. Hebert, 06-1315, p. 3 (La.App. 3 Cir. 2/7/07), 948 So.2d 1239. A resulting award will not be disturbed absent an abuse in discretion. Id.
To determine whether an award for periodic support will be modified or terminated based on the changed circumstances of either party, the trial court should consider the relevant factors listed in La. C.C. art. 112. Poore, 10-1087 at p. 11, 55 So.3d at 959. The Article 112 factors considered by the courts in awarding and modifying final spousal support may include:
1. The income and means of the parties, including the liquidity of such means.
2. The financial obligations of the parties.
3. The earning capacity of the parties.
4. The effect of custody of children upon a party’s earning capacity.
5. The time necessary for the claimant to acquire appropriate education, training, or employment.
6. The health and age of the parties.
7. The duration of the marriage.
8. The tax consequences to either or both parties.
Poore, 10-1087 at p. 11, 55 So.3d at 959-60; La. C.C. art. 112 (Emphasis added). Several of the Article 112 factors warrant that a court consider the financial ability and need of the parties as relevant factors when determining an award or modifying an award for final spousal support. Mi-zell, 40,601 at p. 11-10, 920 So.2d at 932-33.[2] In fact, all relevant factors are to be considered, and the court is not limited to those specifically listed in the code article. Patton, 856 So.2d at 59.
|2(|In this case, Ms. Vincent argues to the trial court that there was a material change in circumstances regarding her medical condition and limitations. However, the trial court did not find a material deterioration in her condition. The trial court allowed Ms. Vincent an opportunity to amend her pleadings to show how the progression of her condition has affected her financially. Ms. Vincent never amended her motion as ordered by the court. Based on the Article 112 factors and Louisiana case law, the trial court was within its discretion to consider the parties’ financial condition in determining whether there was a material change in circumstances to modify an award of spousal support.
We agree with the trial court that Ms. Vincent has not met her burden in establishing a material change in circumstances regarding her medical condition and limitations between the awarding of the initial spousal support and the filing of the rule for modification of the award as required by La. R.S. 9:311 and La. C.C. 114. Fur *1165 ther there was no showing of a financial material change in circumstances. Thus, we find that the trial court did not error by granting the final judgment and exception of no cause of action, which dismissed Ms. Vincent’s amended motion to extend final spousal support for life with prejudice.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment granting the motion for entry of final judgment and sustaining the exception of no cause of |⅞, action filed on behalf of Mr. Vincent, rejecting and dismissing Ms. Vincent’s amended motion to extend final spousal support for life with prejudice.
AFFIRMED

. See also Louisiana District Court Rule 1.4 which provides:
An individual judge may, in the interest of justice and upon notice to all parties, permit deviations from these Rules in a particular proceeding. Any such deviation shall be noted on the record in open court in the presence of all parties or by written order filed into the record of the proceedings and mailed to all parties or their counsel of record.

. See also Patton v. Patton, 37,401, p. 3 (La.App. 2 Cir. 9/24/03), 856 So.2d 56, 59 "The relative financial positions of the parties ... can be relevant factors”; Twichell v. Twichell, 00-1248, p. 4 (La.App. 5 Cir. 11/28/00), 772 So.2d 956, 959 “The party requesting the reduction bears the burden of proof to demonstrate a change in the financial condition of either himself or his wife”; Dauphine v. Dau-phine, 511 So.2d 53, 56 (La.App. 3rd Cir. 1987) "The principal factor to be considered in determining a spouse’s entitlement to permanent alimony is the relative financial positions of the parties. A spouse who seeks the modification of an alimony award bears the burden of showing that there has been a substantial change in circumstances of one, or both, of the parties.”