STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1031


MICHAEL HINDELANG, III

VERSUS

REGINA LOUVIERE HINDELANG


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2008-1114, Div. "D"
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT
JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders, Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

**Gremillion, J., dissents and assigns written reasons.
Saunders, J., dissents for the reasons assigned by Judge Gremillion.**

**REVERSED AND REMANDED.**


**Diane A. Sorola
Attorney at Law
402 W. Convent St.
Lafayette, LA 70501
(337) 234-2355
COUNSEL FOR DEFENDANT/APPELLANT:**
    **Regina Louviere Hindelang**

**Charles G. Fitzgerald
Cox Fitzgerald, L.L.C.
113 West Convent Street
Lafayette, LA 70501
(337) 233-9743
COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Michael Hindelang, III**

**PICKETT, Judge.**

The defendant, Regina Louviere Hindelang, appeals the trial court's judgment granting the exception of res judicata filed by the plaintiff, Michael Hindelang III.

## FACTUAL AND PROCEDURAL BACKGROUND

The Hindelangs were divorced on October 16, 2008. Regina filed a Rule to Establish Final Periodic Support in October 2008 based on her claim of medical disability. Following a hearing on December 7, 2009, the trial court ordered Michael to pay Regina periodic final support of $3,500.00 per month for twelve months, retroactive to the date of judicial demand. On appeal, we found that the trial court erred in limiting that period to one year; however, the supreme court reinstated the trial court's one-year term. *See Hindelang v. Hindelang*, 10-397 (La.App. 3 Cir. 11/3/10), 49 So.3d 1065, *writ granted in part*, 10-2701 (La. 3/4/11), 58 So.3d 464.[1]

On February 1, 2012, Regina filed a Rule for Final Periodic Spousal Support, claiming that she "is disabled and unable to work and is, therefore, in need of, and entitled to final periodic spousal support." Michael filed a Peremptory Exception Pleading Res Judicata. On February 29, 2012, Regina filed an Amended Rule For Final Periodic Support, urging that there had been a material change in circumstances since December 2009; namely that she has developed an "incapacitating bipolar disorder with depression, which over time, has become more and more debilitating." Following a March 5, 2012 hearing, the trial court granted Michael's exception of res judicata and dismissed Regina's rule, finding that "those issues were litigated."

---

[1] The supreme court affirmed that portion of the appellate judgment that ordered the award to be paid retroactive to the date of judgment. The effective date began on December 7, 2009.

Regina now appeals.

## ASSIGNMENT OF ERROR

Regina asserts one assignment of error:

> The trial court erred in granting appellee's exception of *res judicata* and in denying appellant the opportunity to present facts contained in her original and amended rule to show cause which support her need for continued final periodic spousal support, due to a change in circumstances which occurred after the December 2009 trial and judgment.

## DISCUSSION

The Louisiana Civil Code authorizes a trial court, in its discretion, to award the payment of final periodic support to a spouse in need who has not been at fault in the breakup of the marriage. La.Civ.Code arts. 111 and 112. Article 112 provides numerous factors the court may consider in awarding final periodic support. Periodic support awards may be modified when the spouse in need shows a material change in circumstance. La.Civ.Code art. 114.

Res judicata is addressed in La.R.S. 13:4231 which states in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Exceptions to the general rule of res judicata are found in La.R.S. 13:4232, which states in part:

> B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

2

"The res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672). Therefore, we will conduct a de novo review of the record to determine whether the trial court was legally correct in granting Michael's exception of res judicata.

Michael argues that any issues related to Regina's inability to work because of mental illness were fully litigated at the December 2009 hearing. Therefore, she is barred from re-litigating that issue now. We disagree.

In her February 29, 2012, amended rule, Regina alleged a material change in circumstances entitling her to final periodic support. Barring extinguishment of the obligation for spousal support pursuant to La.Civ.Code art. 115, Regina may seek a modification by showing a material change in circumstances pursuant to La.Civ.Code art. 114. By granting the exception of res judicata, the trial court denied Regina an opportunity to show a material change in circumstances. *See Guillory v. Guillory*, 09-988, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 1288, 1293 (Genovese, J., concurring in the result)("because the issue of spousal support is never final, notwithstanding an extinguishment of the obligation pursuant to La.Civ.Code art. 115, [the obligee] may bring a new or separate rule for support alleging a change in factual circumstances.").

## CONCLUSION

The trial court erred by granting the exception of res judicata, as it denied Regina the opportunity to show a material change in circumstances. The judgment of the trial court is reversed, and the matter is remanded for further proceedings

consistent with this opinion. Costs of this appeal are assessed to Michael Hindelang III.

**REVERSED AND REMANDED**.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1031

MICHAEL HINDELANG, III

VERSUS

REGINA LOUVIERE HINDELANG

**GREMILLION, Judge, dissents and assigns written reasons.**

While La.R.S. 13:4232 does not bar a subsequent action for modification based on a material change of circumstances pursuant to Article 114, res judicata is still applicable if the factual circumstance has already been litigated. Based on my comparison of Regina's testimony from the December 2009 hearing to the claim she is currently making, the trial court did not err in finding that her action is barred by res judicata since the claims are identical.

At the 2009 hearing, Regina argued that an assortment of medical problems, including bipolar disorder, prevented her from working. She testified regarding her bipolar disorder numerous times at the hearing:

Q. Okay. What actual treatment are you currently receiving from her?

A. Treatment for mood disorder; as well – specifically Bipolar Type 2; as well as –

The trial court was well aware of Regina's bipolar illness:

THE COURT: . . . Did that doctor prescribe any medication at all for you, ma'am, for depression?

. . . .

THE WITNESS: Cymbalta, Wellbutrin, and I also take Tegretol as a mood stabilizer.

THE COURT: Okay. For your depression.

THE WINTESS:  That's for the bipolar disorder.

THE COURT:  Bipolar disorder.

A vocational rehabilitation expert testified as to Regina's employment potential and the following exchange occurred between the trial judge and the expert witness:

> THE COURT:  Dr. Orazio -- There was some testimony that she was being treated by Dr. Orazio who obviously, apparently, was a major healthcare provider for her –
>
> THE WINTESS:  Right.
>
> THE COURT:  -- because of her mental health illness.
>
> THE WITNESS:  Yes, sir[.]
>
> THE COURT:  And at no point in time were you told that Dr. Orazio was treating this lady?
>
> THE WITNESS:  That's correct.
>
> THE COURT:  Notwithstanding the fact that this is a major -- obviously a major illness.

The trial court again mentioned Regina's "underlying mental illness" as having initiated when she was a teenager.  Further, the deposition of Regina's treating doctor, Dr. William A. Dupon, was submitted into evidence.  Dr. Dupon treated Regina for depression since 2004.  Her history of depression and mood disorder medications are noted throughout the record, along with notations of bipolar disorder.  In brief, Regina claims that her "disabling bipolar disorder with depression could not have been litigated in December, 2009, because it did not exist in December, 2009."  This allegation is plainly contradicted by the record and Regina's own testimony.

It is clear from my review of the record that the trial court was fully aware of Regina's mental illness, including her diagnosis of bipolar disorder, at the

2

December 2009 hearing. The substance of the 2009 hearing was that Regina could not work due to her various physical and mental conditions, including bipolar disorder. The current pleadings offer no new claims or change of circumstances.

Under the majority's interpretation, there are scarcely any circumstances under La.R.S. 13:4232(B) in which res judicata would apply. According to the majority's reasoning, a former spouse need only utter the phrase "a material change of circumstances," like a talisman, in order to be afforded a full hearing regardless of whether the claim has already been litigated. This is contrary to the exception noted by the plain language of La.R.S. 13:4232(B). Accordingly, I respectfully dissent from the majority's opinion.