PICKETT, Judge.
_JjThe defendant, Regina Louviere Hin-delang, appeals the trial court’s judgment granting the exception of res judicata filed by the plaintiff, Michael Hindelang III.

FACTUAL AND PROCEDURAL BACKGROUND

The Hindelangs were divorced on October 16, 2008. Regina filed a Rule to Establish Final Periodic Support in October 2008 based on her claim of medical disability. Following a hearing on December 7, 2009, the trial court ordered Michael to pay Regina periodic final support of $3,500.00 per month for twelve months, retroactive to the date of judicial demand. On appeal, we found that the trial court erred in limiting that period to one year; however, the supreme court reinstated the trial court’s one-year term. See Hindelang v. Hindelang, 10-397 (La.App. 3 Cir. 11/3/10), 49 So.3d 1065, writ granted in part, 10-2701 (La.3/4/11), 58 So.3d 464.[1]
On February 1, 2012, Regina filed a Rule for Final Periodic Spousal Support, claiming that she “is disabled and unable to work and is, therefore, in need of, and entitled to final periodic spousal support.” *1291 Michael filed a Peremptory Exception Pleading Res Judicata. On February 29, 2012, Regina filed an Amended Rule For Final Periodic Support, urging that there had been a material change in circumstances since December 2009; namely that she has developed an “incapacitating bipolar disorder with depression, which over time, has become more and more debilitating.” Following a March 5, 2012 hearing, the trial court granted Michael’s exception of res judicata and dismissed Regina’s rule, finding that “those issues were litigated.”
12Regina now appeals.

ASSIGNMENT OF ERROR

Regina asserts one assignment of error:
The trial court erred in granting ap-pellee’s exception of res judicata and in denying appellant the opportunity to present facts contained in her original and amended rule to show cause which support her need for continued final periodic spousal support, due to a change in circumstances which occurred after the December 2009 trial and judgment.

DISCUSSION

The Louisiana Civil Code authorizes a trial court, in its discretion, to award the payment of final periodic support to a spouse in need who has not been at fault in the breakup of the marriage. La.Civ.Code arts. Ill and 112. Article 112 provides numerous factors the court may consider in awarding final periodic support. Periodic support awards may be modified when the spouse in need shows a material change in circumstance. La.Civ.Code art. 114.
Res judicata is addressed in La.R.S. 13:4231 which states in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
[[Image here]]
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Exceptions to the general rule of res judicata are found in La.R.S. 13:4232, which states in part:
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse’s education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
|s“The res judicata effect of a prior judgment is a question of law that is reviewed de novo.” Fogleman v. Meaux Surface Prot., Inc., 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, writ denied, 11-712 (La.5/27/11), 63 So.3d 995 (quoting Morales v. Parish of Jefferson, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672). Therefore, we will conduct a de novo review of the record to *1292 determine whether the trial court was legally correct in granting Michael’s exception of res judicata.
Michael argues that any issues related to Regina’s inability to work because of mental illness were fully litigated at the December 2009 hearing. Therefore, she is barred from re-litigating that issue now. We disagree.
In her February 29, 2012, amended rule, Regina alleged a material change in circumstances entitling her to final periodic support. Barring extin-guishment of the obligation for spousal support pursuant to La.Civ.Code art. 115, Regina may seek a modification by showing a material change in circumstances pursuant to La.Civ.Code art. 114. By granting the exception of res judicata, the trial court denied Regina an opportunity to show a material change in circumstances. See Guillory v. Guillory, 09-988, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 1288, 1293 (Genovese, J., concurring in the result)(“because the issue of spousal support is never final, notwithstanding an extin-guishment of the obligation pursuant to La.Civ.Code art. 115, [the obligee] may bring a new or separate rule for support alleging a change in factual circumstances.”).

CONCLUSION

The trial court erred by granting the exception of res judicata, as it denied Regina the opportunity to show a material change in circumstances. The judgment of the trial court is reversed, and the matter is remanded for further proceedings | ¿consistent with this opinion. Costs of this appeal are assessed to Michael Hin-delang III.
REVERSED AND REMANDED.
GREMILLION, J., dissents and assigns written reasons.
SAUNDERS, J., dissents for the reasons assigned by Judge GREMILLION.

. The supreme court affirmed that portion of the appellate judgment that ordered the *1291 award to be paid retroactive to the date of judgment. The effective date began on December 7, 2009.