CALLOWAY, J.
I {¡Plaintiff-Appellant appeals from a trial court judgment concerning permanent spousal support, child support, contempt, and arrears. For the following reasons, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
The plaintiff, Gary Randall Freeman, and the defendant, Renee Aspiron Freeman, were married on November 18, 1989; two children were born of the marriage on May 25, 1994 and on May 30, 2002. In February 2012, the parties began living separate and apart, and on April 3, 2012, Mr. Freeman filed a petition for divorce. Pursuant to a July 31, 2012 consent judgment, the trial court set Mr. Freeman’s interim spousal support obligation at $2,328.00 per month; his child support obligation at $1,219.00 per month; and additionally, the trial court ordered him to maintain medical, dental, and vision insurance for the children and made him responsible for 92% of the remaining minor child’s extraordinary medical expenses, extracurricular activities, and mandatory school fees.
The parties were divorced by judgment dated May 23, 2013. After the divorce, the parties entered into a consent judgment of partition of community property on April 9, 2014, which set Mr. Freeman’s final spousal support obligation at $635.00 per month, to terminate when the parties’ minor child graduated high school.
On May 13, 2015, Ms. Freeman filed a rule to increase child support and a rule for contempt.[3] Shortly thereafter, on June 15, 2015, Mr. Freeman filed a motion to terminate the final spousal support award. *656 A hearing officer for the trial court heard the three matters on September 11, 2015, and recommended that Mr. Freeman’s child support obligation decrease, from $1,219.00 per month to $1,008.00 per month, and that beginning June 1, 2015, his pro-rata responsibility for the minor child’s extraordinary medical expenses, extracurricular activities, and mandatory school fees decrease, from 92% to 85%. The heaxing officer also recommended that Mr. Freeman’s motion to | ^terminate final spousal support be denied. Mr. Freeman objected to the hearing officer’s recommendations, and the matter was set for trial on October 29, 2015.
Following trial, the trial court signed a judgment on January 14, 2016: (i) denying Mr. Freeman’s motion to terminate final spousal support; (ii) denying Ms. Freeman’s rule for contempt, but ordering Mr. Freeman to pay any outstanding extracurricular expenses; (Hi) ordering Mr. Freeman to pay Ms. Freeman child support in the amount of $1,008.00 per month; (iv) ordering the parties to share tuition, registration, mandatory school fees, extraordinary medical expenses, and agreed-upon activity fees on a pro-rata basis: Ms. Freeman responsible for 15%, and Mr. Freeman responsible for 85%, effective June 1, 2015; (v) ordering Mr. Freeman to maintain health and hospitalization insurance coverage for the minor child and provide Ms. Freeman with documentation of and access to the policy and health care providers; (vi) ordering the parties to request reimbursement for expenses with a copy of the bill/statement within thirty days of the incurrence, otherwise waiving the right to be reimbursed; requiring the reimbursement to be made within thirty days; and (vii) ordering the parties to purchase a subscription to OurFamilyWizard.com for use as their primary means of communication.
Mr. Freeman now appeals, contending the trial court erred in denying his motion to terminate final spousal support. Mr. Freeman assigns four errors to the trial court’s final judgment:
1. The [tjrial [cjourt was manifestly erroneous in calculating a final spousal support award before deciding whether the payments were intended as ‘disguised child support.’
2. The [tjrial [cjourt was manifestly erroneous in finding that [Ms. Free-manj was ‘in need’ of final spousal support by failing to require depletion of assets.
3. The [tjrial [cjourt was manifestly erroneous in finding that [Ms. Freeman] was ‘in need’ of final spousal support by failing to find [that Ms. Freeman] was voluntarily underemployed.
4. The [tjrial [cjourt was manifestly erroneous in finding that [Ms. Freeman] was ‘in need’ of final spousal support by miscalculating [Ms. Freeman’s] tax rate.
I ¿LAW AND DISCUSSION
There are no allegations that Ms. Freeman was at fault in the dissolution of the marriage. The issues raised in this appeal are limited to the trial court’s denial of Mr. Freeman’s motion to terminate spousal support and whether the court’s calculation of his spousal support obligation was correct.
Louisiana Civil Code articles 111 and 112 provide for an award of spousal support. Article 111 provides, in pertinent part:
In a proceeding for divorce or thereafter, the court may award.. .final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate *657 the marriage in accordance with the following Articles.
Article 112 provides, in pertinent part:'
A. When a spouse has not been at fault prior to the filing of a petition for divorce and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph C of this Article.
* * *
C. The court shall consider all relevant factors in determining the amount and duration .of final support, including:
(1) The income and means of the parties, including the liquidity of such means.
(2) The financial obligations of the parties, including any interim allowance or final child support obligation.
(3) The earning capacity of the parties.
(4) The effect of custody of children upon a party’s earning capacity.
(5) The time necessary for the .claimant to acquire appropriate education, training, or employment.
(6) The health and age of the parties.
(7) The duration of the marriage.
(8) The tax consequences to either or both parties.
(9) The existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant, | ¿regardless of whether the other spouse was prosecuted for the act of domestic violence.
Article 112 bases an award of spousal support on the needs of the claimant spouse and the ability of the other spouse to pay, subject to the qualifying rules in Article 112 and the following articles. Prestenback v. Prestenback, 2008-0457 (La.App. 1 Cir. 11/18/08), 9 So.3d 172, 177. Article 112 provides that in determining the entitlement, amount, and duration of final support, the court “shall” consider all relevant factors; however the article further states that those factors “may” include the nine enumerated factors. The trial court .need not consider- all. of the listed factors, as such a consideration is discretionary. Prestenback, 9 So.3d at 177. In an action for spousal support, the claimant spouse has the burden of proving Insufficient means of support. Prestenback, 9 So.3d at 177.
Spousal support, once fixed, either by trial or pursuant to a consent judgment, is subject to change where á material change of circumstances for either party can be shown. La. C.C. art. 114; Bland v. Bland, 97-0329 (La.App. 1 Cir. 12/29/97), 705 So.2d 1158, 1161. The.party seeking the modification of support carries the burden of proof that a modification is warranted. Vincent v. Vincent, 2011-1822 (La.App. 4 Cir. 5/30/12), 95 So.3d 1152, 1162. In determining whether the final spousal support award should be modified or terminated based on the changed circumstances of either party, the trial court should consider the relevant factors listed in La. C.C. art. 112. La. C.C. art. 114, Comment (b), Revision Comments—1997. A finding of a change in circumstances does not automatically result in a modification or termination of support; rather, the effect of a finding of a change in circumstances is to shift thé burden to the party opposing the termination of spousal support to prove need and the relevant Article 112 factors. See Martin v. Martin, 2016-0324 (La.App. 4 Cir. 11/16/16), 204 So.3d 717, 722.
A trial court’s determination regarding final spousal support is subject to the abuse of discretion standard of review. Bond v. Bond, 2013-1733, 2014, WL 1203134, at *3 (La. App. 1 Cir. Mar. 24, 2014), writ denied, 2014-1054 (La. 9/12/14), *658 148 So.3d 932. It is within the trial court’s sound discretion to fix the amount of spousal support, and is to |nbe exercised not arbitrarily or willfully, but with regard to what is just and proper under the facts of the case. Wascom v. Wascom, 97-0547 (La.App. 1 Cir. 6/29/98), 713 So.2d 1271, 1275-76, writ denied, 98-2028 (La. 11/6/98), 728 So.2d 391. The abuse of discretion standard is highly deferential to the trial court’s rulings. See Fin & Feather, LLC v. Plaquemines Par. Gov’t, 2016-0256 (La. App. 4 Cir. 9/28/16), 202 So.3d 1028, 1032. A court necessarily abuses its discretion if its ruling is based on an erroneous view of the law or results from a conclusion reached capriciously or in an arbitrary manner. Fin & Feather, 202 So.3d at 1032.
Assignment of Error 1
In his first assignment of error, Mr. Freeman alleges the trial court erred by failing to determine whether the final spousal support award was actually spousal support, as opposed to child support, prior to calculating the amount of the award. Mr. Freeman argues that his $635.00 per month final spousal support obligation, as ordered by the trial court in the consent judgment of partition of community property, was actually “disguised child support.” Mr. Freeman contends that at the time the consent judgment was signed in April 2014, Ms. Freeman, a teacher’s aide at the school the parties’ minor child attends, was compensated at a lower salary in order to receive a tuition discount for the minor child. As a result, Mr. Freeman alleges the parties reached an agreement that to make up for the difference in her salary, Mr. Freeman would pay $635.00 in what “should have been called extra child support,” but was designated by the trial court as the final spousal support award. Mr. Freeman further argues the fact that the final spousal support award terminates when the parties’ minor child graduates high school is clear evidence that it is “disguised child support.” Mr. Freeman contends that Ms. Freeman filed a rule to increase child support on May 13, 2015, because she decided to forego the tuition discount and receive a higher salary. Mr. Freeman alleges he subsequently filed the motion to terminate spousal support on the basis that the rule to increase child support would result in a “proper calculation” of the child support award and that the final spousal support award, disguised as child support, would no longer be necessary. Mr. |7Freeman ultimately seeks to have the final spousal support award terminated and have the trial court calculate a new award of child support.
The party seeking the modification of support, in this case, Mr. Freeman, carries the burden of proof that a modification is warranted. Vincent, 95 So.3d at 1162. The applicable burden of proof is governed by La. R.S. 9:311(A)(1), which provides that “[a]n award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties- between the time of the previous award and the time of the rule for modification of the award.” The moving party must show either a change in the obligee’s needs or the obligor’s ability to pay. Vincent, 95 So.3d at 1162.
At the trial of this matter, Mr. Freeman presented no evidence of any agreement, written or otherwise, to support his argument that the final spousal support award, as ordered by the court in April 9, 2014 consent judgment of partition of community property, was awarded as “disguised child support” intended to “supplement the gap” of Ms. Freeman’s income “shortfall” in order for the parties’ minor child to receive a tuition discount. The fact *659 that the final spousal support award terminates when the parties’ minor child graduates high school does not prove that the award was “disguised child support.” Based on our review of the record, we cannot say the trial court erred in determining that Mr. Freeman failed to carry his burden of proving that there was a material change in circumstances warranting a termination of the final spousal support award. This assignment of error is without merit.
Assignment of Error 2
In his second assignment of error, Mr. Freeman argues the trial court erred in its calculation of the final spousal support award when it failed to examine the assets in Ms. Freeman’s possession—many of which she received in the community property partition—and failed to require her to deplete those assets before receiving final spousal support.
The determination of “sufficient means” is insusceptible of solution by an exact formula or monetary index and should be accomplished by applying the rule of | ¿‘reasonableness in the light of all circumstances,” considering the factors of liquidity of assets, the consequences of liquidation, and the relative financial positions of the parties. Dabney v. Dabney, 603 So.2d 786, 789 (La. App. 1 Cir.), writ denied, 607 So.2d 563 (La. 1992). Liquid assets must be depleted to some extent before a spouse may be entitled to final periodic support; however, a spouse is not required to sell nonliquid assets to support herself. Dabney, 603 So.2d at 789.
We note that the award of final spousal support, awarded by the trial court in the April 9, 2014 consent judgment of partition of community property, necessarily included a finding that Ms. Freeman was in need of support. See Prestenback, 9 So.3d at 175. Furthermore, Mr. Freeman presented no evidence at the trial of this matter that Ms. Freeman’s circumstances materially changed since the trial court awarded final spousal support in the 2014 consent judgment. Accepting the trial court’s estimate of Ms. Freeman’s monthly expenses at $3,118.00, and her monthly income at $2,343.00, she was still left with an approximate $775.00 deficit in meeting her monthly expenses. The record indicates that Ms. Freeman’s liquid and nonliquid assets have remained substantially the same as they were at the time the rule was tried earlier. See Dabney, 603 So.2d at 789. We cannot say the trial court abused its discretion in calculating the final support award and denying the motion to terminate the award. See Bland, 705 So.2d at 1164. This assignment of error is without merit.
Assignment of Error 3
In his third assignment of error, Mr. Freeman argues the trial court erred in its calculation of the final spousal support award when it failed to impute income to Ms. Freeman based on alleged underemployed. Mr. Freeman argues that as a pre-school teacher’s aide, Ms. Freeman only works 170 days per year, even though she is capable of working summers.
Whether a party is voluntary unemployed or underemployed is a question of good faith. Martin, 204 So.3d at 721. Voluntary underemployment is a fact-based determination subject to the manifest error standard of review. Martin, 204 So.3d at 721. The manifest error standard of review is based in part on the trial court’s ability to | ¡¡better evaluate the testimony of live witnesses, compared with an appellate court’s sole reliance upon a written record. Martin, 204 So.3d at 721. When presented with two permissible views of the evidence, the trier of fact’s *660 choice between them cannot be manifestly erroneous. Martin, 204 So.3d at 721.
In calculating Ms. Freeman’s net income, the trial court stated:
The Court" during the testimony has doné an analysis of the income of Mrs. Freeman using her increased income pursuant to her request to the school, which she’s entitled to do, to no longer take the staff discount on-the tuition but to- pay the full tuition and get her full salary. That amount is gross $1,347.50.1 imputed to her $200 a week for the 11 weeks in the summer, which annualized comes out to $185 a month for a total gross income of $1,532.50. [Emphasis added.] -
Although the court did not expressly conclude that Ms; Freeman was voluntarily underemployed, the trial court implicitly found Ms. Freeman to be underemployed when it imputed income to her for 11 weeks during the summer at the rate of $200.00 per week when she could be working. Based on the trial transcript, we find nó abuse in the court’s discretion in its calculation of the final spousal support award. This assignment of error is without merit.
Assignment of Error 4
In his final assignment of error, Mr. Freeman argues the trial court erred in its calculation of the final spousal support award when it disregarded Ms. Freeman’s qualification for an earned income tax credit. Mr. Freeman contends Ms. Freeman’s gross income was reduced by a greater tax rate than she would incur had the earned income credit been factored in.
Prior to the trial of this matter, the hearing officer noted in her conference report dated September 10,2015:
.[Mr. Freeman] also argues that [Ms. Freeman] should be imputed the Earned Income Credit in the amount of $228.00 per month. However, income should not be imputed as it would in a child support computation. In addition, although she may be entitled to the Earned Income Credit in the amount of $228 or more, she does not currently have that income. She did not get that amount in 2013 or 2014. She will have to file an Amended tax return[,] and if she qualifies for the Earned Income Credit, that income may become | ^significant in determining whether the support award should be terminated or modified. [Emphasis added.]
Following an in-chambers conference during the trial’of this matter, counsel for Mr. Freeman indicated that while he would not call his expert witness to testify, the plaintiff would stipulate that the witness “would testify that Mrs. Freeman is entitled to the earned income credit and that the credit would be approximately $275.00 per month, and that she could seek retroactive credit from the IRS for the last three years of approximately $3,000.00 a year, if she amends her returns.”
Addressing Ms. Freeman at the trial of this matter, the trial court stated:
Regardless of what her CPA has said[,] she’s entitled to claim [an earned income' credit], whether she has the dependency deduction or not, so you need to claim it.. .And it’s absolutely you are entitled to [an earned income credit]... I believe that you called [your CPA]. I don’t think you are lying. I’m just telling you that you are entitled to [an earned income credit], and it’s a significant amount of money.. . .
Based on its statements to Ms. Freeman, it is clear the trial court considered the earned income tax credit, as well as the La. C.C. art. 112 factors, in its considr eration of whether a material change in circumstances had occurred to warrant termination of the final spousal support *661 award. Although Ms. Freeman may be entitled to claim an earned income tax credit, she had not yet qualified for, nor had she amended her previous tax returns, to claim the earned income credit at the time Mr. Freeman filed the motion to terminate final spousal support in June 2015. Therefore, we cannot say the trial court abused its discretion in calculating the final spousal support award and denying the motion to terminate spousal support because Mr. Freeman did not present any evidence at trial of a material change in circumstances regarding Ms. Freeman’s tax rate, deduction, or potential credits. This assignment of error is without merit,
DECREE
Based on the foregoing, the January 14, 2016 judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Gary Randall Freeman,
AFFIRMED.

. At the time of filing, Mr. Freeman’s child support obligation was $1,219.00 per month pursuant to the July 31, 2012 consent judgment. Ms. Freeman also alleged Mr. Freeman had failed to pay his pro-rata share of their minor child's mandatory school fees and extracurricular activities, in violation of the July 31, 2012 consent judgment.