Judge Daniel L. Dysart
Teisha Roberts Lewis appeals a January 9, 2018 judgment, regarding custody, visitation and support of the couple's minor children. For the reasons that follow, we affirm the judgment of the trial court.
BACKGROUND:
The parties were married on April 19, 2002, and lived in many locations around the country due to Mr. Lewis's military career. During the marriage, two children were born: a son, D.L. (DOB: 3/31/05), and, a daughter, T.L. (DOB: 5/18/08). A judgment of divorce was granted on September 10, 2013. During the periods of time relevant to this appeal, Mr. Lewis lived in Shreveport, and Ms. Lewis lived in New Orleans.
Initially, each party sought sole custody of the children; however, on August 12, 2014, a consent judgment was entered whereby the parents were deemed to have joint and shared legal custody. Further, the judgment designated the parties as co-domiciliary parents, with Ms. Lewis being the primary domiciliary parent during the school year and Mr. Lewis being the domiciliary parent during the summer. Specific visitation was outlined.
On August 17, 2017, Mr. Lewis filed a rule to modify child support and visitation. He alleged that his income had dropped significantly since his retirement from the military, and that he had another child since the last setting of the child support award. Also, relative to his retirement, Mr. Lewis sought additional visitation with his children, as he had moved from Shreveport to Slidell.
Following a hearing on November 9, 2017, the trial court rendered judgment on January 9, 2018, reducing Mr. Lewis's child support and increasing his visitation with his children to a week-to-week basis, with Mr. Lewis having his children on alternating weeks from the dismissal of school on Monday until return to school the following Monday. The court ordered that the previously agreed to holiday schedule be maintained.
*1219 Ms. Lewis appeals that judgment arguing that the trial court erred in reducing Mr. Lewis's child support obligation and in ordering shared custody on a week-to-week basis.
DISCUSSION:
A. Standard of Review:
It is well settled that in child custody cases, certain principles apply:
1) Appellate courts will not disturb a trial court's custody award absent a manifest abuse of discretion;
2) Each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount goal of reaching a decision that is in the best interest of the child;
3) To determine the best interest of the child, a trial court consider the child's age, the situation of the parents, and any other factor relevant to the particular case;
4) When ruling, the trial court should rely on the twelve non-exclusive factors enumerated in La. Civ. Code art. 134. The trial court has the discretion to determine the relative amount of weight to be given each factor, and is not required to analyze mechanically all of the dozen factors; rather the court should balance and weigh the factors in view of the evidence presented;
5) Application of the best interest of the child standard-codified in La. C.C. arts. 131 and 134 -requires a fact-intensive inquiry requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented;
6) Because the trial court is in the best position to ascertain the best interest of the child based on the particular circumstances of the particular case, the trial court's custody determination is entitled to great weight and will not be disturbed by an appellate court absent a clear showing of abuse of discretion.
Moreau v. Moreau, 15-0564, pp. 5-6 (La.App. 4 Cir. 11/18/15), 179 So.3d 819, 823 (citations omitted).
B. Custody/Visitation:
In her first assignment of error, Ms. Lewis argues that the trial court applied the incorrect standard of proof for modifying custody. First, she claims that the trial court erroneously found that the parties had previously agreed to joint custody as opposed to shared custody. Ms. Lewis interprets the phrase to mean that the parties share joint custody. She also argues that Mr. Lewis moved for a modification of visitation, not of custody. For several reasons, we do not agree with Ms. Lewis's assessment of the ruling of the trial court.
Louisiana Civil Code art. 132 provides in part that "[i]f the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award." In this case, the parents agreed to joint custody.
Louisiana Revised Statute 9:335 provides in pertinent part:
A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
Here, although the parents in this case consented to joint custody, the trial court nonetheless created an implementation plan, which it adopted from a stipulation of the parties. The consent judgment provided *1220 that the parties were to enjoy "joint and shared" custody. The consent judgment further provided that Ms. Lewis was designated as the domiciliary parent during the school year and Mr. Lewis was designated as the domiciliary parent during the summer.
In Hodges v. Hodges, 15-0585, p. 9 (La. 11/23/15), 181 So.3d 700, 706, the Supreme Court held that "[a]lthough each parent can share physical custody, the court can only designate a single domiciliary parent." However, the Court, quoting Evans v. Lungrin[1] noted that "when parties are awarded joint custody, the court must designate a domiciliary parent unless the implementation order provides otherwise, or for other good cause shown. " Id. , 15-0585,p. 10, 181 So.3d at 706 (emphasis added).
In this matter, the trial court in its September 1, 2016 judgment denying Mr. Lewis a change of custody, found that the prior designation of both parents as domiciliary parents (consent judgment of 8/12/14), was not in violation of La. R.S. 9:335, as the record supported that this arrangement was necessary to enable the parties' son to receive uninterrupted medical benefits.
Applying the above factual findings of the trial court and the relative statutory and jurisprudential rules, we find the trial court did not err in ordering that each parent be designated as the domiciliary parent during their periods of custody. Also, we do not find that the trial court applied an incorrect standard for modifying custody of the children.
Specifically, the trial court calculated the amount of time the children spent with each parent. The court found that under the previous judgment, Ms. Lewis had custody of the children roughly forty out of fifty-two weeks. The court stated that the disparity in the amount of time the children spent with each parent resulted in Mr. Lewis having visitation with his children, not shared custody. However, we can find no case law that supports the trial court's conclusion that the amount of time spent with each parent is determinative of whether a parent enjoys custody as opposed to visitation.[2] Rather, the consent judgment itself, coupled with the implementation order, confirms that the parties have joint custody.
Nonetheless, the trial court found, and we agree, that because the parties had consented to joint custody, an arrangement as close to a fifty-fifty sharing of custody is mandated by La. R.S. 9:335 A(2)(b). The court found that the reason the parties had not heretofore shared custody on a fifty-fifty basis was because of Mr. Lewis's deployment with the military. Mr. Lewis is now living in Slidell with his new wife and child, and wishes to spend more time with his children. He testified that he has a home in Slidell and is available to ensure that the children maintain attendance and participation at their current school. Further, the trial court specifically *1221 stated that it found a change in the custody arrangement to be in the best interest of the children.
Accordingly, we find no error in the trial court's ruling modifying the previous custody plan.
C. Child Support:
The trial court granted Mr. Lewis's motion to modify his child support payments. The court found that due to his retirement, his income was reduced by approximately $1500 per month. Further, the court found that Ms. Lewis had an increase in her income since the last setting of support. Having found that the parties had a shared custodial arrangement,[3] the court utilized Obligation Worksheet "B"[4] to arrive at a child support obligation of $436.54.
Ms. Lewis argues that the trial court erred in reducing the support obligation as Mr. Lewis did not prove that his retirement from the military was involuntary, thereby making his unemployment voluntary. Further, he did not prove that he was unemployable. Therefore, she argues that he is either voluntarily unemployed or underemployed.
A party seeking to modify a support obligation must prove that at least one party has undergone a material change in circumstances from the time the previous award was set. Martin v. Martin, 16-0324, p. 5 (La.App. 4 Cir. 11/16/16), 204 So.3d 717, 721. Jurisprudence distinguishes between voluntary and involuntary changes in circumstances as follows: "Involuntary changes in circumstances are those that are caused by 'fortuitous events or other circumstances beyond a person's control, such as loss of one's position or illness.' " Id., citing La. R.S. 9:315 ; quoting Kairdolf v. Kairdolf , 46, 035, p. 4 (La.App. 2 Cir. 3/2/11), 58 So.3d 527, 530. A voluntary change in circumstances would be brought about by a person's own fault or neglect. Id., citing Kairdolf, 58 So.3d at 530.
Whether a party is voluntarily underemployed or unemployed is a question of good faith. Martin, 16-0324, p. 5, 204 So.3d at 721 ; A.S. v. D.S., 14-1098, p. 8 (La.App. 4 Cir. 4/8/15), 165 So.3d 247, 253. The issue of whether a party is voluntarily underemployed or unemployed is a fact question subject to the manifest error standard of review. Id.
A trial court's order of child support is entitled to great weight. Langley v. Langley , 07-0754, p. 3 (La.App. 4 Cir. 3/26/08), 982 So.2d 881, 883, citing Carmouche v. Carmouche, 03-1106 (La.App. 5 Cir. 2/23/04), 869 So.2d 224, 226. "Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error." Id., quoting State, Dep't of Social Services ex rel D.F. v. L.T., 05-1965, p. 6 (La. 7/6/06), 934 So.2d 687, 690. Ms. Lewis argues that although Mr. Lewis took a medical retirement from the military, he did not prove that he was incapable of working at all. The record reveals that Mr. Lewis testified that he was diagnosed with scoliosis, disc disease, bone spurs and hip dysplasia, all of which interfered with the performance of his desk job with the military. His job required that he sit and stand for long periods of time, neither of which he could do. He admitted that he had no medical documentation stating that he could not work at all, and stated that he was not currently seeking employment.
In State, Dep't. of Children and Family Services ex rel E.J., II, v. Jones , 14-918 (La.App. 5 Cir. 4/15/15), 170 So.3d 297, the court found that a mother's voluntary retirement *1222 to allow her to continue her education full-time was not voluntary unemployment or underemployment. The court explained that when a parent voluntarily terminates his employment, his support obligation may be reduced if he can prove: 1) that a change in circumstances occurred; 2) the voluntary change is reasonable and justified; 3) the parent is in good faith and not attempting to avoid his alimentary obligation; and 4) the action will not deprive the child of continued reasonable financial support. Id. , 14-918,p. 4, 170 So.3d at 299, citing Savage v. Savage , 36,138 (La.App. 2 Cir. 6/12/02), 821 So.2d 603, 606.
Here, Mr. Lewis did not voluntarily retire. Rather, the military deemed him unable to continue to perform his duties, forcing him to retire. As a sixteen-year veteran, he was entitled to a medical retirement benefit. Additionally, Mr. Lewis had only recently retired at the time of the hearing. He testified that he had not sought employment yet, not that he would not do so in the future. Further, the trial court considered that the children would now be spending equal time with Mr. Lewis, thereby reducing Ms. Lewis's expenses.[5]
Based on the record before us, we cannot say that the trial court erred in reducing Mr. Lewis's child support obligation.
For the reasons set forth above, we affirm the judgment of the trial court.
AFFIRMED

97-0541, p. 11 (La. 26/98), 708 So.2d at 737.

The time that parents with joint legal custody share with their child is more properly described as a physical custody allocation of a joint custody plan, rather than as visitation. La. R.S. 9:335 ; Francois v. Leon, 02-0460 (La.App. 3 Cir. 11/27/02), 834 So.2d 1109, 1112. Physical custody is actual custody. As the Louisiana Supreme Court has explained:
The term "custody" is usually broken down into two components: physical or "actual" custody and legal custody. The typical joint custody plan will allocate time periods for physical custody between parents so as to promote a sharing of the care and custody of the child in such a way as to ensure the child of frequent and continuing contact with both parents.
Evans v. Lungrin, 97-0541 (La. 2/6/98), 708 So.2d 731, 737.

See La. R.S. 9:315.9 - Effect of shared custodial arrangement.

See La. R.S. 9:315.20

The use of Obligation Worksheet "B" indicates a shared custody plan.