| KELLY MICHELLE BELL | * | NO. 2022-C-0788 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ROY PAUL JOSEPH, III | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-05173, DIVISION "K"
Honorable Bernadette D'Souza, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Rachael D. Johnson)

Lakeisha N. Jefferson
Jefferson Law Firm
4238 Poche Court West
New Orleans, LA 70129

     COUNSEL FOR PLAINTIFF/RELATOR

Christy M. Howley
M. Elizabeth Bowman
Bowman & Howley
629 Lafayette Street
Gretna, LA 70053

     COUNSEL FOR DEFENDANT/RESPONDENT

**WRIT GRANTED**
**JANUARY 27, 2023**

DLD
RLB
RDJ

In this domestic matter, the relator/plaintiff, Kelly Michelle Bell, seeks review of the trial court's judgment rendered October 17, 2022 and signed October 24, 2022, granting the Motion *in Limine* filed by the respondent/defendant, Roy Paul Joseph, III, "to limit, exclude and/or bar" the relator "from the introduction of witnesses, exhibits, testimony, and argument of items that occurred prior to the parties'" March 17, 2021 consent judgment. Respondent asserted that the consent judgment entered into on March 17, 2021 made all issues prior thereto *res judicata*.

The relator and respondent are the parents of a minor child from a non-marital relationship and have been involved in a contentious child custody matter that was instituted in Orleans Parish Civil District Court on June 25, 2020. In the initial custody petition filed by the relator, she alleged that the respondent had a history of domestic violence perpetrated against her, and specifically requested relief under the Post-Separation Family Violence Relief Act. After this filing, the trial court issued an eighteen month protective order against the respondent, which expired on January 27, 2022. Pursuant to the protective order, the relator was awarded "temporary custody" of the parties' minor child, with supervised visitation granted to the respondent during specified days and times, along with other requirements to be fulfilled by the respondent (i.e. "Batter's Intervention

1

Program"). Thereafter, the parties entered into a written stipulation on March 17, 2021, wherein the respondent's girlfriend substituted for the paternal grandmother as the court-appointed supervisor.

Trial in the custody matter was pending when pursuant to discovery propounded by respondent, relator listed witnesses, exhibits, etc., she intended to call or introduce at trial.

Respondent filed a Motion *in Limine* and/or Motion to Strike "to limit, exclude and/or bar" relator "from the introduction of witnesses, exhibits, testimony, and argument of items that occurred prior to the parties' Court date on March 17, 2021," asserting that "they" "have already been litigated and are *res judicata*." That motion was granted by the trial court, and relator now seeks this Court's review.

In order for *res judicata* to be applicable, the parties must have been afforded "a full and fair opportunity to litigate." *See Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 2009-1517, p. 9 (La. App. 4 Cir. 5/19/10), 43 So. 3d 207, 212 and *Williams v. Orleans Levee District,* 2009–2637, p. 1 (La. 4/5/10), 31 So.3d 1048, 1049. There is nothing in the record to support the respondent's position that the parties entered into a consent judgment, wherein the respondent was awarded joint custody or that there was a custody hearing during which the relator was afforded an opportunity to present evidence of domestic violence. Evidence of domestic violence is relevant and admissible in custody determinations; and all relevant factors should be considered in determining what is in the child's best interest, including those set out in La. C.C. art 134, with La. C.C. art. 134(A)(8) requiring consideration of a history of violence. *See Seymour v. Seymour,* 423 So. 2d 770, 774-775 (La. App. 4 Cir. 12/1/82); La. C.C. art. 134(A)(8); *Dalferes v.*

2

*Dalferes*, 98-1233, 98-1234 p. 4 (La. App. 4 Cir. 11/18/98), 724 So. 2d 805, 807

(citing *Kroics v. Kroics,* 97–911, p. 6 (La. App. 3 Cir. 2/4/98), 705 So.2d 1302,

1306); and *Lewis v. Lewis*, 2018-0378, p. 3 (La. App. 4 Cir. 10/3/18), 255 So.3d

1216, 1219.

Further, *Res Judicata* is typically asserted in a peremptory exception,

pursuant to La. C.C.P. art. 927. Respondent in this instance raised the objection in

a motion *in limine*. This Court has opined that because judgments regarding

custody and visitation are always subject to modification, they are not subject to

*res judicata*, stating:

> "The doctrine of *res judicata* precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment." "Louisiana courts recognize that a 'final judgment has the authority of *res judicata* only as to those issues presented in the pleading and conclusively adjudicated by the court.'"
>
> In order for the doctrine of *res judicata* to apply, the judgment must be final. "Judgments awarding custody and child support are always subject to modification and are thus never final." "Consequently, such judgments will not bar subsequent actions brought to modify the provisions for custody and child support." Likewise, this Court determined that a judgment regarding visitation of the grandparents of a minor child was not a final judgment pursuant to La. C.C.P. art. 1841.

*Kaptein v. Kaptein*, 19-0784, pp. 2-3 (La. App. 4 Cir. 1/22/20), 289 So.3d 1198,

1200. (internal citations omitted).

The trial court erred and was legally incorrect in granting the respondent's

motion *in limine*. At this stage of the litigation, the relator should not be precluded

from introducing evidence of domestic violence committed by the respondent in

3

connection with the trial court's determination of custody. Accordingly, this writ

application is granted and the trial court's judgment is reversed.

**WRIT GRANTED**