Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,501-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHRISTOPHER WILLIAMS                          Plaintiff-Appellant

versus

QUIRIDA WILLIAMS                              Defendant-Appellee

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Jackson, Louisiana
Trial Court No. 34,730

Honorable William R. "Rick" Warren, Judge

* * * * *

RON CHRISTOPHER STAMPS, LLC          Counsel for Appellant
By: Ron Christopher Stamps

DOUGLAS LEON STOKES, JR.              Counsel for Appellee

* * * * *

Before PITMAN, STEPHENS, and ROBINSON, JJ.

**STEPHENS, J.,**

This civil proceeding arises from the Second Judicial District, Parish of Jackson, the Honorable Rick Warren, presiding. Plaintiff, Christopher Williams, seeks review of the trial court's increase of spousal support in favor of defendant, Quirida Bradford. For the reasons expressed, we reverse the increase in spousal support, and affirm the original order.

## FACTS AND PROCEDURAL HISTORY

Christopher Williams ("Mr. Williams") and Quirida Bradford ("Ms. Bradford") married on September 17, 1994, in Jackson Parish. The couple had two children together, a son born on July 8, 1997, and a daughter born on May 1, 2003. On September 26, 2016, Mr. Williams filed a petition for divorce on the grounds of living separate and apart for 365 days pursuant to La. C.C. art. 103(1) and La. C.C. art. 103.1(2). In response, Ms. Bradford stated that she was not at fault for the breakup of the marriage, and that she was entitled to permanent spousal support. The trial court entered a judgment of divorce on March 6, 2017, and terminated the community of acquets and gains existing between the parties retroactive to September 26, 2016. The court awarded Ms. Bradford permanent spousal support in the amount of $400 per month. On December 13, 2018, the trial court entered judgment partitioning the community property.

On October 20, 2022, Mr. Williams filed a motion to terminate Ms. Bradford's permanent spousal support. In his motion, Mr. Williams alleged that Ms. Bradford had a change in circumstances and had the ability to provide for herself. Specifically, "[D]efendant, QUIRIDA WILLAIMS, is now gainfully employed, operating a housekeeper business, is a cosmetologist, and recently obtained her pharmacy tech certificate." Ms.

Bradford, in a reconventional demand, requested that her spousal support be increased from $400 per month to $600 due to her necessitous circumstances in being unable to meet her month-to-month living expenses. She alleged that Mr. Williams is able to pay more than $400 per month in permanent spousal support.

On April 20, 2023, the trial court held a hearing to determine the issue of spousal support. Ms. Bradford testified about her employment background and discussed her previous work as a cosmetologist, a pharmacy technician, and a paraprofessional. In her testimony, Ms. Bradford explained that she worked as a cosmetologist and as a paraprofessional before leaving those positions to work at a plant in Simsboro, Louisiana. Following her work at the plant, Ms. Bradford attended school to become a pharmacy technician. Ms. Bradford explained that she did not pass the test to complete the requirements to become a pharmacy technician. Although Ms. Bradford was a licensed cosmetologist at one point, she testified that she no longer holds a license for cosmetology. Ms. Bradford indicated to the court that she is now self-employed as a housekeeper and makes about $1,500-$2,000 per month. According to Ms. Bradford's testimony, she pays all expenses associated with her business.

According to Ms. Bradford's affidavit of monthly income and expenses, her gross monthly income is $2,655. This includes the original $400 monthly spousal support order. Her estimated total expenses indicated on the affidavit are $3,094.63. These expenses include payments on a Victoria's Secret credit card and an Ulta Beauty credit card. When questioned about the Victoria's Secret and Ulta credit cards indicated on her affidavit of monthly income and expenses, Ms. Bradford stated that

Victoria's Secret is a lingerie store and Ulta is a beauty supply store. She indicated in her testimony that she purchases clothes from Victoria's Secret and makeup and hair supplies form Ulta. Ms. Bradford also included a $350 expense for purchasing supplies and equipment for her cleaning business. Similarly, Ms. Bradford indicated that she pays $100 each month for life insurance for her two children. As she explained the affidavit, Ms. Bradford testified that she is "barely making it" on paying her bills, and she believes it is in her best interest to attempt grow her cleaning business.

In Mr. Williams' testimony, he described that he had been working for the same company since the divorce and original spousal support award. When the original award was ordered, Mr. Williams made $32.90 an hour at his job, but his wages increased to $38.16 an hour at the time he filed for the modification of support. At the conclusion of the hearing, the trial court determined that Ms. Bradford remained in necessitous circumstances, and Mr. Williams' income had substantially increased since the original support order was set. As a result, the trial court modified the award and increased the monthly spousal support award to $600. Mr. Williams objected to the ruling and now appeals the trial court's judgment.

*Assignment of Error No. One*:

In his first assignment of error, Mr. Williams argues that the trial court abused its discretion when it denied termination of the original spousal support order because Ms. Bradford's income has increased since the original award and her alleged necessitous circumstances involve excessive or nonmaintenance expenses.

Mr. Williams argues that Ms. Bradford's income has increased since the original order was rendered, and her monthly expenses have decreased

3

since the original order. At the time of the original spousal support order, Ms. Bradford's monthly income was $1,406.04, and her estimated monthly expenses were $3,182. In 2022, Ms. Bradford's monthly income had increased to $2,655, which includes the original $400 monthly spousal support payment. Her monthly expenses in 2022 decreased to $3,094.63.

Along with Ms. Bradford's increase in income and decrease in expenses, Mr. Williams also argues that several of her expenses fall outside the scope of "maintenance" as it pertains to the purpose of spousal support. Mr. Williams alleges that the $200 credit card payments, including the Victoria's Secret and Ulta Beauty credit cards, are miscellaneous expenses, and Ms. Bradford failed to tie these credit card payments to living or maintenance expenses. Ms. Bradford also pays $100 to maintain life insurance on two adult children. Along with expenses for "church and charity" and "recreation," Mr. Williams argues that the $350 expense for Ms. Bradford's business should not be accounted for in a spousal support order. Ultimately, Mr. Williams suggests that if the items listed above are removed from consideration, Ms. Bradford's monthly expenses are $2,019.63, leaving Ms. Bradford with $235.37 per month of disposable income.

Ms. Bradford urges that she has proved her need for support and Mr. Williams' ability to pay. To support this contention, Ms. Bradford argues that maintenance is broader than merely food, shelter, and clothing. For this reason, the Victoria's Secret and Ulta payments should be considered as maintenance as these are expenses for clothing and general hair and makeup products. Similarly, Ms. Bradford's recreation expense is essential for the health and well-being of an individual. As to the life insurance payments on

4

her two adult children, Ms. Bradford argues that obtaining life insurance for burial expenses is a prudent step and one which the parties were taking prior to their divorce. Furthermore, Ms. Bradford asserts that the trial court did not consider all of her listed expenses when it awarded her $600 per month in permanent spousal support. She asserts that this is evidenced by the fact that her monthly income without any spousal support is $2,255, while her expenses total $3,092.63; there is a difference of $837.63. Therefore, the trial court did not abuse its discretion in awarding monthly spousal support in the amount of $600.

*Assignment of Error No. Two*:

In his second assignment of error, Mr. Williams urges that Ms. Bradford is not entitled to spousal support because her necessitous circumstances are caused by her underemployment with her cleaning business. Mr. Williams argues that a spouse's earning capacity is a proper consideration in awarding alimony to that spouse. As such, Ms. Bradford possesses training and skills, has been active in the workforce, and has no physical impairments that would prevent her from pursuing a variety of jobs.

Mr. Williams asserts that Ms. Bradford insists on operating the cleaning business, an endeavor that does not cover her living expenses. In her testimony, Ms. Bradford stated she does not want to return to any of her former job experiences, and Mr. Williams maintains that her purposeful underemployment is the reason why her necessitous circumstances exist. He suggests that he should not be "saddled" with funding his ex-wife's unsuccessful business venture. Mr. Williams argues that Ms. Bradford's underemployment undercuts any claims for increased or continuing permanent spousal support.

Ms. Bradford urges that none of the evidence suggests she could be making more money by returning to one of her prior work experiences. Instead, Mr. Williams speculates that these purported "better jobs" would create more income for Ms. Bradford. This speculation is not grounds for establishing an abuse of discretion by the trial court. In operating her own business, Ms. Bradford suggests that she has made a reasonable employment decision as she can grow her business in the future, she is her own boss, and she is not subject to being laid off.

## DISCUSSION

A spouse may be awarded final periodic support when he or she has not been at fault for the breakup of the marriage and is in need of support. Final periodic support is based on the needs of that party and the ability of the other party to pay. A claimant spouse does not need to prove "necessitous circumstances." *King v. King*, 48,881 (La. App. 2 Cir. 2/26/14), 136 So. 3d 941; *Richards v. Richards*, 49,260 (La. App. 2 Cir. 8/13/14), 147 So. 3d 800; *Anderson v. Anderson*, 48,027 (La. App. 2 Cir. 5/15/13), 117 So. 3d 208. Final periodic spousal support, formerly known as permanent alimony, is limited to an amount sufficient for maintenance, as opposed to continuing an accustomed style of living. The court shall consider all relevant factors in determining the amount and duration of final support. La. C.C. art. 112; *King*, *supra*; *Richards*, *supra*. Maintenance includes the basic necessities of life, such as food, shelter, clothing, transportation, medical and drug expenses, utilities, household maintenance, and income tax liability generated by alimony payments. *Id.*; *Jones v. Jones*, 38,790 (La. App. 2 Cir. 6/25/04), 877 So. 2d 1061.

6

An award of interim spousal support or final periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. The subsequent remarriage of the obligor spouse shall not constitute a change of circumstance. La. C.C. art. 114. An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. The material change in circumstances must be substantial and continuing since the last award for support. La. R.S. 9:311(A)(1).

In determining whether the final spousal support award should be modified or terminated based on the changed circumstances of either party, the trial court should consider the relevant factors listed in La. C.C. art. 112. La. C.C. art. 114, Comment (b), Revision Comments—1997; *Freeman v. Freeman*, 16-0580 (La. App. 1 Cir. 4/12/17), 218 So. 3d 653. A finding of a change in circumstances does not automatically result in a modification or termination of support; rather, the effect of a finding of a change in circumstances is to shift the burden to the party opposing the termination of spousal support to prove need and the relevant Article 112 factors. *See Martin v. Martin*, 16-0324 (La. App. 4 Cir. 11/16/16), 204 So. 3d 717, 722; *Freeman*, 218 So. 3d at 657.

A trial court's determination regarding final spousal support is subject to the abuse of discretion standard of review. *Bloxom v. Bloxom,* 52,728 (La. App. 2 Cir. 8/14/19), 279 So. 2d 474; *Tarbutton v. Tarbutton,* 52,102 (La. App. 2 Cir. 6/27/18), 251 So. 2d 590; *Freeman*, *supra*. It is within the trial court's sound discretion to fix the amount of spousal support and is to

7

be exercised not arbitrarily or willfully, but with regard to what is just and proper under the facts of the case. *Wascom v. Wascom*, 97-0547 (La. App. 1 Cir. 6/29/98), 713 So. 2d 1271, *writ denied*, 98-2028 (La. 11/6/98), 728 So. 2d 391; *Freeman*, *supra*. The abuse of discretion standard is highly deferential to the trial court's rulings. *See Fin & Feather, LLC v. Plaquemines Par. Gov't*, 16-0256 (La. App. 4 Cir. 9/28/16), 202 So. 3d 1028. A court necessarily abuses its discretion if its ruling is based on an erroneous view of the law or results from a conclusion reached capriciously or in an arbitrary manner. *Fin & Feather, LLC*, *supra*; *Freeman*, *supra*.

Whether a party is voluntarily unemployed or underemployed is a question of good faith. *Martin*, *supra*; *Freeman*, *supra*. Voluntary underemployment is a fact-based determination subject to the manifest error standard of review. *Id*. The manifest error standard of review is based in part on the trial court's ability to better evaluate the testimony of live witnesses, compared with an appellate court's sole reliance upon a written record. *Id*. When presented with two permissible views of the evidence, the trier of fact's choice between them cannot be manifestly erroneous. *Id*.

In order to modify the existing spousal support award, both Mr. Williams and Ms. Bradford in this case had the burden of showing a material change in circumstances between the time of the original award and the time of the rule for modification of the award because both parties sought a modification. Furthermore, jurisprudence explains that this material change must be substantial and continuing since the last award for support. Mr. Williams suggests that the material change is Ms. Bradford's voluntary underemployment as well as miscellaneous expenses that should not be considered in awarding support, and Ms. Bradford argues that Mr. Williams'

8

increase in income constitutes a material change. Neither of these arguments satisfies the burden of showing a material change in circumstances.

Our review of the trial court's ruling shows that the trial court determined, after evaluating the evidence and testimony, Ms. Bradford was not voluntarily underemployed by running her own cleaning business. However, the trial court clearly found that Ms. Bradford was still in need of support as it did not see fit to completely terminate support. In Ms. Bradford's case, we find that the original $400 per month spousal support award, together with her means of support in operating her own cleaning business, is enough to meet Ms. Bradford's "maintenance" expenses, maintenance meaning the basic necessities of life, such as food, shelter, clothing, transportation, medical and drug expenses, etc.

Under the circumstances presented by this record, we acknowledge that the trial court properly exercised its discretion in finding that Ms. Bradford needs support and that Mr. Williams has the ability to pay spousal support. However, we cannot conclude that Mr. Williams' increase in income is a change in circumstances justifying an increase in spousal support. For these reasons, we find that the trial court abused its discretion in increasing the monthly spousal support obligation from $400 to $600.

## CONCLUSION

At Ms. Bradford's costs, we REVERSE the judgment increasing Mr. Williams' monthly spousal support obligation to $600, and we AFFIRM the original spousal support order of $400.

**REVERSED IN PART; AFFIRMED.**